Raymond L. McCALL, Plaintiff,

v.

PITTSBURGH, CHARTIERS & YOUGHIOGHENY RAILWAY COMPANY, a Corporation, Defendant.

Civ. A. No. 13282.

United States District Court
W. D. Pennsylvania.

Dec. 16, 1958.

**666**

James P. McArdle, Pittsburgh, Pa., for plaintiff.

Bruce R. Martin (of Pringle, Bredin & Martin), Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

In this action under the Federal Employers' Liability Act, plaintiff, a conductor for defendant railroad secured a jury award in the amount of $32,500 based on injuries resulting from being thrown about in a caboose car in the course of a violent coupling operation. 45 U.S.C.A. § 51 et seq.[1]

Defendant filed timely motion for new trial assigning the following reasons:

1. The court committed prejudicial error in admitting into evidence a state-

---

1. The jury found the total amount of damages to be $50,000 but attributed 35% of the negligence to the plaintiff, resulting in a net award of $32,500.

ment of plaintiff's own witness allegedly inconsistent with his oral testimony as to the rate of speed at which the coupling operation was made and further observations relative to the coupling.

2. The verdict was excessive and against the weight of the evidence.

Negligence was predicated upon proof to the effect that the coupling was made at a speed in excess of that which is proper, that the coupling was done in a violent manner and that the engineer did not respond properly to a signal indicating that his progress should be steady as given by the brakeman.

### Admission of the Statement.

■ In the course of trial, plaintiff's witness, Dale Hartley, a conductor for defendant railroad was unable to commit himself to the speed of the coupling operation in direct examination, and did testify to various matters which he noted before and after the coupling. Defendant counsel in cross-examination showed the witness a statement he had given defendant shortly after the accident and asked him to explain certain alleged discrepancies between factual statements he had made in his testimony in chief and contained in the written report. The witness readily admitted the accuracy of the statement as a correct account of what he told defendant. On redirect examination, plaintiff attorney offered said report into evidence contending that the statement was not inconsistent with the witness' testimony, and said statement was admitted over defendant's objection.

It is true as a general rule that a prior consistent statement is not admissible to confirm a witness' testimony even though that testimony has been impeached by evidence of a prior inconsistent statement. Wigmore on Evidence, 3rd Ed., Vol. IV, section 1126. But the rule is subject to the exception that if some portions of a statement made by a witness are used on cross-examination to impeach him, other portions of the statement which are relevant to the subject matter about which he was cross-examined may be introduced in evidence to meet the force of the impeachment. Such statement is admissible for the purpose of enabling the jury to make a correct appraisal of the credibility of the witness who has been impeached. Cafasso v. Pennsylvania R. Co., 3 Cir., 169 F.2d 451; Bizich v. Sears, Roebuck & Co., 391 Pa. 640, 139 A.2d 663.

Furthermore, even for purpose of argument, assuming that the admission of said statement were error, I cannot conceive of how its introduction could have prejudiced defendant's case, since the defendant premised its cross-examination upon the statement in question with the manifest intention of contradicting plaintiff's witness.

It is my judgment that the admission of this statement into evidence was in the interest of affording the jury sufficient opportunity to weigh the credibility of plaintiff's witness, and in no way committed prejudicial error.

### Excessiveness of Verdict.

■■ Plaintiff was rendered partially disabled by aggravation of a pre-existing cervical condition and by neuritis and myositis, together with a disc involvement in the lower back. He was rendered permanently unfit from hopping on and off cars, and could be expected to perform only light work.

He had lost approximately seventeen months of gainful employment to date of trial, and was totally without employment at time of trial since light work that he might physically be able to perform was unobtainable.

In view of plaintiff's permanent partial disability, cognizant as I must be that plaintiff had a life potential approximating 19.2 years, and the most substantial pain and suffering that plaintiff has experienced and will undoubtedly undergo for the indefinite future, with a prognosis of possible deterioration, I cannot conclude that a gross verdict in the amount of $50,000 is excessive and shocks the conscience of the court, or that it appears that the jury was biased or acted capriciously or unreasonably. Thomas v.

668

Conemaugh & Black Lick R. Co., 3 Cir., 234 F.2d 429.

As this Circuit has frequently reiterated, while an award may be high, it should stand if there is ample evidence to justify it. It is not my prerogative to arbitrarily substitute my judgment for that of the jury. Trowbridge v. Abrasive Co. of Philadelphia, 3 Cir., 190 F.2d 825; Lebeck v. William A. Jarvis, Inc., 3 Cir., 250 F.2d 285.

Upon recapitulation of all the credible evidence, I am convinced that the quantum of proof is such that a jury could reasonably conclude that justice required an award in the amount rendered.

It is my considered judgment that the verdict was not against the evidence, weight of the evidence, or the law.

After again applying most reflected judgment to the record, I believe that under all the credible evidence justice sustains a right of recovery in the amount of $32,500.

An appropriate Order is entered.